█ NOREEN GRAZIANO, Respondent, v. JOHN GRAZIANO, Appellant.— In an action to declare the nullity of a Mexican divorce and for a judicial separation, the defendant husband appeals from an order of the Supreme Court, Kings County, entered December 24, 1964, which granted plaintiff's motion for alimony *pendente lite* and counsel fee, and which directed him: (1) to pay plaintiff $50 per week for her support and for the support of the four children; and (2) to pay a counsel fee, the amount of which would be fixed by the trial court, and $400 of which was to be paid on account before trial. Order modified as follows: (1) by striking out the first decretal paragraph granting the motion for temporary alimony and counsel fee; (2) by substituting therefor a paragraph granting the motion to the extent of awarding support for the children *pendente lite*, and denying the motion with respect to support for the plaintiff *pendente lite* and with respect to counsel fee, without prejudice to the right of the trial court upon all the evidence adduced at the trial to direct defendant to provide for the support of the plaintiff and the children, to direct defendant to pay a counsel fee and to fix the amount of such support and counsel fee; (3) by amending the second decretal paragraph so as to provide that the payments of $50 per week directed to be made *pendente lite* by the

defendant shall be deemed to be exclusively for the support of the four children; (4) by striking out the third decretal paragraph directing defendant "to pay a counsel fee, the amount of which shall be fixed by the trial court, and on account of which amount to be so fixed the defendant is directed to pay". $400 in two equal installments; and (5) by adding a decretal paragraph to the effect: (a) that all questions as to the court's power and jurisdiction to compel the defendant to provide for the support of the plaintiff and the children, to compel defendant to pay a counsel fee and to fix the amount of such support and fee are reserved for determination by the trial court upon the basis of all the facts adduced at the trial; and (b) that this decision is without prejudice to such future determination by the trial court. As so modified, the order is affirmed, without costs. The substantive questions of law and fact posed on this appeal should be decided by the trial court upon the basis of all the facts to be adduced upon the trial, rather than by the Special Term or by this court on the basis of incomplete and conflicting affidavits. In the interim, however, the four children must be adequately supported. On the basis of defendant's income as alleged by him, we deem the amount hereby fixed for their support *pendente lite* to be fair and proper. We call attention, however, that our present fixation of the amount for the children's support, our present denial of support for the wife and our present denial of counsel fee are not intended to limit or to influence the discretion of the trial court with respect to its determination. The questions as to the extent of the court's power and the questions as to the amounts, if any, to be fixed after trial for the support of the children or for the support of the wife or for counsel fee are reserved for the trial court's future determination upon the basis of all the proof adduced. The best interests of all the parties would be served by a prompt trial of this action. Christ, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.